**In re John P. MRAS, Debtor.**

No. 5–86–00778.

United States Bankruptcy Court,
M.D. Pennsylvania.

Sept. 21, 1989.

John J. Gill, Jr., Wilkes–Barre, Pa., for John P. Mras.

Kimberly D. Borland, Wilkes–Barre, Pa., for Kathleen Mras.

Barbara L. Kosik, U.S. Attorney's Office, Scranton, Pa., Patricia K. Younce, SBA Asst. Dist. Counsel, Bala Cynwyd, Pa., for USA/SBA.

### OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This proceeding is before the Court on Objections filed by both the United States of America, through the Small Business Administration (hereinafter "SBA") and Kathleen A. Mras (hereinafter "Mras") to both a Chapter 13 Plan and a Motion to Sell Property Free and Clear of Liens filed by the debtor. For the reasons provided herein, we grant the objections filed by both SBA and Mras and debtor's Chapter 13 plan and motion to sell property free and clear of liens are hereby denied.

The facts surrounding the instant objections are as follows. On October 17, 1972, the SBA granted the debtor and his first wife, Stella Mras, a loan in the amount of $15,000 at an interest rate of 1% per annum. This loan was subsequently increased and secured with collateral consisting of promissory notes and a mortgage on premises situate at 297–299 Lyndwood Avenue, Lyndwood, Wilkes–Barre, Pennsylvania. This property was subsequently conveyed to John P. Mras and after a default under the loan agreement, the SBA filed a complaint for mortgage foreclosure and money judgment. On or about April 19, 1983, a judgment was entered against the debtor in the amount of $15,006.90 plus interest to No. 158L of 1983 in Luzerne County, Pennsylvania.

Additionally, on or about January 9, 1973, the SBA granted a loan to both John P. Mras and Kathleen A. Mras in the amount of $53,000 at an interest rate of 1% per annum. In consideration for repayment of this loan, the debtor and Mras gave the SBA a promissory note and mortgage on real estate located at 205–207 Pierce Street and 213–215 Pierce Street, Kingston, Pennsylvania, said mortgage being recorded in the Recorder of Deeds Office for Luzerne County, Pennsylvania, in Mortgage Book 1053 at page 774. The principal amount of the loan was subsequently increased on various occasions and with each increase the debtor and Mras gave as collateral both modifications of the promissory note and supplemental mortgages, all duly recorded in the Recorder of Deeds Office of Luzerne County, Pennsylvania. Both the debtor and Mras thereafter defaulted on their loan and in March of 1983, a complaint for mortgage foreclosure and judgment was filed in the United States District Court for the Middle District of Pennsylvania by the SBA. On or about September 14, 1983, judgment was entered against the debtor and Mras in the amount of $63,991.43, plus interest and for foreclosure and sale of the mortgaged premises. This judgment was entered in

**4**

Luzerne County, Pennsylvania, to No. 2180L of 1983.

On October 1, 1986, a judgment was entered by Kathleen A. Mras against the debtor in the amount of $15,000 to No. 123L of 1988. Debtor filed a Chapter 13 bankruptcy petition on or about December 31, 1986 and, thereafter, filed the Chapter 13 Plan of Reorganization and a Motion to Sell Free and Clear of Liens which are the subject of the instant objections.

*Treatment of Claims in Chapter 13 Plan*

■ In addition to the properties listed above that serve as collateral for the SBA mortgages, the debtors also own property at Sylvan Lake, Pennsylvania. The debtor has filed an amended plan of reorganization, which, in short, provides for the sale of the Sylvan Lake property with the proceeds to pay first Mras' lien and then the SBA's liens. The SBA does not object to the sale of the realty, but, rather, objects to the debtor's proposed distribution of the proceeds of the sale. The center of the controversy surrounds the debtor's attempt to deny any liability on the debt to SBA for which the realty situate at 205–207 Pierce Street and 213–215 Pierce Street, Kingston, serve as collateral. Debtor's argument is based upon his assertion that subsequent to becoming indebted to the SBA, the debtor and his spouse separated and as part of the property settlement agreement, ownership in the realty was transferred to debtor's wife, Mras. The SBA claims that it is not only secured to the Lyndwood Avenue property, but also is secured on the Pierce Street, Kingston property. Additionally, SBA asserts that its judgment liens attach to all realty owned by debtor and, therefore, the proceeds of the Sylvan Lake sale should be applied to reduce the outstanding liens. Furthermore, SBA argues that before any payments can be made to the junior lienholder, Mras, full payment must be made to the SBA on its debt. It is important to note that Mras has conceded this argument and recognizes that she is, indeed, a junior lienholder to the SBA.

After a review of the arguments and objections of the parties and after opportunity for hearing, we find that the debtor has provided this Court no reasonable basis in law upon which to overrule the objections filed by the SBA. The SBA has valid judgments in law which attach to all real property owned by the debtor and as such, the judgments of the SBA have properly attached to the property which is the subject of the proposed sale. We also find that Mras' judgment occupies a junior lien position to the SBA judgments. If the proceeds of the sale were distributed to Mras prior to the SBA, the distribution would not be in accordance with lien priority law.

■ We further note that Mras has raised valid objections concerning the payment of prepetition real estate taxes. The plan does not reflect how these taxes will be paid and as such, the plan will also fail on this account.

Consequently, based on the foregoing, we find the Objections of the SBA and Mras to be with merit and, therefore, we deny the Chapter 13 Plan as proposed by the Debtor. Additionally we find that the same arguments made by the SBA and Mras to the Chapter 13 Plan also apply to the debtor's Motion to Sell Free and Clear of Liens and, therefore, that Motion also fails.

Finally, we note that the SBA renewed its Objections to the Amended Chapter 13 Plan filed by the debtor and that it did not satisfactorily answer them. Therefore, the Objections are sustained and the Amended Plan is rejected.

IT IS SO ORDERED.